UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

In re:

ALDO A. PINA,

       Debtor.

_____/

Case No. 18-15928-BKC-JKO
Chapter 7

## MOTION TO MODIFY SUSPENSION
### (Related to ECF Nos. 73, 81)

Maite L. Diaz ("Ms. Diaz"), by and through undersigned counsel, and pursuant to 11 U.S.C. § 105 and Fed. R. Civ. P. 60(b)(6), incorporated into this matter by Fed. R. Bankr. P. 9024 and Fed. R. Bankr. P. 8008(a)(3), respectfully requests the Court to enter an order ("Motion") modifying the term of her suspension from practice before this Court [ECF No. 73] ("Suspension Order").

## BACKGROUND

1.      On June 25, 2019, the Court entered the Suspension Order, in which the Court suspended Ms. Diaz from practice before this Court for a period of two (2) years commencing August 1, 2019, and prohibited her from filing new debtor cases after July 1, 2019 ("Suspension").

2.      Six and one-half months have passed since the Suspension. During this time, Ms. Diaz has dedicated herself to volunteering in the legal community without compensation in various ways, including:

    a.   Volunteering with Put Something Back, the Miami Dade County *Pro Bono* Agency by helping every week with intake and reviewing cases with respect to the need for bankruptcy pro bono assistance;

    b.   Assisting with locating mentors and/or pro bono attorneys with whom to place *pro bono* clients, including placing cases with The Eleanor R. Cristol and Judge

A. Jay Cristol Bankruptcy *Pro Bono* Assistance Clinic at the University of Miami School of Law (see K. Ladis's letter attached as <u>Exhibit A</u>);

c.   Attending every clinical class at the University of Miami for the Fall Semester 2019 and thus far into the Spring Semester 2020 to inform students of consumer bankruptcy practice and procedures (see A. Day letter attached as <u>Exhibit B</u>);

d.   , helping, both in class and outside, counsel students on how to deal with client challenges and difficult ethical issues arising in their *pro bono* representations.

3.      These experiences and continuing legal education have rehabilitated Ms. Diaz and enabled her to be a competent and responsible attorney in all aspects of client representation, including procedural compliance.

4.      At the last hearing before the Court, Leslie S. Osborne, Chapter 7 Trustee in this case, recommended a six months suspension rather than two years [8/9/2019 Hearing Transcript, Pg. 23].

5.      In order to avoid any challenge to the Court's jurisdiction to consider and rule upon the Motion given the pending appeal, Ms. Diaz seeks under Fed. R. Bankr. P. 8008(a)(3) that this Court hear the matter and comply with the provisions of the rule, if appropriate.[1]

---

[1] Rule 8008(a)(3) provides, in pertinent part:

If a party files a timely motion in the bankruptcy court for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the bankruptcy court may: . . . (3) state that the court would grant the motion if the court where the appeal is pending remands for that purpose, or state that the motion raises a substantial issue.

Fed. R. Bankr. P. 8008(a)(3)

2

**REQUESTED RELIEF**

6.      Ms. Diaz requests the Court modify the suspension order by determining that her actions to date, which she described in the Motion, justify satisfaction of the Suspension and revocation of the prohibition from her filing new cases.

**<u>BASIS FOR REQUESTED RELIEF</u>**

7.      Federal Rule of Civil Procedure 60(b)(6), made applicable to these proceedings by Federal Rule of Bankruptcy Procedure 9024, provides that, "[o]n motion and just terms the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons . . . (6) any other reason that justifies relief."

8.      "In simple English, the language of the 'other reasons' clause, for all reasons except the five particularly specified, vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice." *Klapprott v. U.S.*, 335 U.S. 601, 614-15 (1949).

9.      Equity has long occupied a space in bankruptcy jurisprudence in the United States Court of Appeals, Eleventh Circuit.  Courts do give parties second chances under the right set of circumstances.  For example, in *Hughes v. Lieberman (In re Hughes)*, 873 F.2d 262 (11th Cir. 1989), the Eleventh Circuit permitted a chapter 7 debtor who lost his discharge the opportunity to avoid denial of discharge under § 727(a)(3) and (5) by providing adequate records and documents concerning his business affairs.  *Id.* at 264 (relying upon *Goff v. The Russell Company (In re Goff)*, 495 F.2d 199 (5th Cir. 1974)).

10.      In this case, the extraordinary volunteer efforts of Ms. Diaz call for equity and justify the requested relief.  As noted in Exhibits A and B, Ms. Diaz on her own time and at her

own expense, travelled from her home in Pembroke Pines to Miami-Dade County, Florida to provide valuable assistance in the in-take and placement process for *pro bono* cases.

11.     Her knowledge of consumer bankruptcy practice was invaluable in placing cases efficiently, identifying the correct chapter and placing the cases with the correct attorneys to pursue relief under that chapter.

12.     In addition, Ms. Diaz as referenced in Professor Day's letter attended all but one clinical bankruptcy class commencing in mid- August 2019, and provided insight to the students with respect to issues arising in consumer cases and how to deal with difficult professional and ethical dilemmas.  Ms. Diaz will be a credit to her profession and a competent practitioner.

13.     Moreover, the contempt citation and sanctions has been adopted by the District Court (See Exhibit C) and this Court's modification would still require Ms. Diaz to request that the District Court allow her to practice in the federal system in the Southern District of Florida.

14.     The effect of the order challenged under Rule 60(b)(6) is also considered by the courts.  *See In re Timmons,* 479 B.R. 597 (Bankr. N.D. Ala. 2012).  In *Timmons*, the court granted the chapter 13 debtor relief under Rule 60(b)(6) from an order granting automatic stay relief upon the debtor's failure to make mortgage payments, which prevented foreclosure of the debtor's home.  After a thorough analysis of Rule 60(b)(6), and prior to its ruling, the court stated, "The debtor and his children should be given this extra change and should be allowed to remain in their home, so long as they continue to make monthly mortgage payments."  *Id.* at 609

15.     Here, the Suspension has had its full effect in terms of punishment and deterrence. Ms. Diaz should now be relieved of its effect due to her efforts and the negative affect on her family.  Ms. Diaz has been without income from the practice of law for seven (7) months and she and her five (5) children have relied upon their savings and support from relatives in meeting their

4

family's needs. She has been disgraced and terminated from every position including her clinical teaching position at Florida International University. She has closed her practice, given up her office space and tried to live as best she could while still volunteering her time and services because she loves helping people.

16.    In addition, the Suspension has had a deterrent effect. This Order is widely known among the South Florida Bar and no one will allow a petition to be filed without requiring the client to return the office and sign so that the attorney has a wet in original in his or her file. That wet ink original is preserved for five (5) years after the case is resolved. The Bankruptcy Trustees now ask about the signing of the petition in its final form at 341 Meetings.

## CONCLUSION

17.    Ms. Diaz has demonstrated valuable and competent service to the legal community and to the *pro bono* system, notwithstanding the lack of any compensation for her efforts. She has reflected upon her past actions, and has truly learned, in a way that she will never forget, the importance of complying, to the letter, with each and every rule covering practice before a court and competently representing her clients.

WHEREFORE, Ms. Diaz requests that the Court grant this Motion and grant such other relief as the Court deems appropriate.

Dated: January 17, 2020.                                    Respectfully submitted,

*/s/ Patricia A. Redmond*
Patricia A. Redmond, Florida Bar No. 303739
predmond@stearnsweaver.com
**STEARNS WEAVER MILLER WEISSLER**
 **ALHADEFF & SITTERSON, P.A.**
Museum Tower, Suite 2200
150 West Flagler Street
Miami, Florida 33130
Telephone:     (305) 789-3200
*Counsel for Ms. Diaz*

5

## <u>CERTIFICATE OF SERVICE</u>

I certify that the foregoing document is being filed electronically via the Court's CM/ECF website on January 17, 2020.  I further certify that the document will be served based on the Court docket, by transmission of Notices of Electronic Filing ("<u>NEF</u>") generated by CM/ECF to those counsel or parties who are registered to receive NEF in this case.

_/s/ Patricia A. Redmond_____
Patricia A. Redmond

**<u>EXHIBIT A</u>**



# DADE LEGAL AID

123 N.W. First Avenue, Miami, Florida 33128 Telephone (305) 579-5733, FAX (305) 372-7693, TTY (305) 579-1001

*Since 1949*

*Executive Director* Karen Josefsberg Ladis
*Senior supervising Attorneys* Juanita Cendan
Bruce Levine
N. Brenda Rivera-Lopez
Wendy L. Robbins
Mark R. Brown
*Senior Attorneys* Steven Paulson
Nikki Weisburd
Yolande S. Henry
Evita Llaguno-Feria
*staff attorneys* Kristen Feuer
Stephanie Grosman
Dana Viggiano
Alexandra Mesa
Geoffrey Valdes
Silvia Perez
Nicholas Koltay
Yohania Santana
Tensie Suengas
Cynthia Stafford
*Of Counsel* Elizabeth Hubbart

January 15, 2020

Re: Letter in Support of Motion to Modify Suspension

Dear Judge,

My name is Karen J. Ladis and I am the Executive Director of Dade Legal Aid which provides Pro Bono Services in the bankruptcy area through the Put Something Back Program. In my position, I have had the opportunity to get to know Maite Diaz, who volunteered her time starting in August of 2019 to help with interviewing and intake of pro bono clients.

Ms. Diaz also participated in the placement of those clients with pro bono attorneys and mentors who supervise clinical students assisting in pro bono work. As most agencies, Put Something Back is very much dependent upon the assistance of volunteers who give freely of their own time to make access to justice available to all. Ms. Diaz has been enormously helpful and effective.

She has the knowledge base necessary to effectively analyze cases and determine which ones should be placed and which ones qualify under our guideline. Without her help our processes could not have been as streamlined and efficient as they were since August. We very much value her and her legal capabilities and support the motion filed to reduce her suspension.

Thank you very much for your consideration.

Sincerely,

Karen Josefsberg Ladis

*Celebrating Seventy Years of Civil Legal Services to the Indigent of Miami-Dade County*
*Visit us at www.DadeLegalAid.org*

# **EXHIBIT B**

#8102887 v1



GENOVESE

JOBLOVE&

BATTISTA

BUSINESS & TRIAL LAWYERS

Allison R. Day, Esq.
Telephone: 305.372.2453
E-Mail: aday@gjb-law.com

January 15, 2020

To Whom It May Concern:

**RE:    Maite Diaz**

I am writing this letter in support of Maite Diaz.

I first met Maite soon after this Court entered its order Order Suspending Attorney Maite Diaz, Directing The Clerk To File Notice In Every Case Where Maite Diaz Has Appeared, And Recommendation Of Disbarment And Other Investigations entered July 25, 2019 in In re Aldo Pina 18-15928-JKO ("Order") [ECF No. 75]. After meeting with her for several hours and hearing her story, I understood the issues that were identified in the Order much better. No doubt, rules were not followed, but she had no bad intent.

Maite spent a lot of time with her clients. Since she did not have a paralegal, she did everything related to each case. This is very unusual for a consumer lawyer these days even though it should not be. I spoke on her behalf at the Motion for Reconsideration as a result.

Since then, Maite became an integral part of the Eleanor R. Cristol and Judge A.J. Cristol Bankruptcy Acceptance Clinic ("Clinic") by volunteering her services. As much as I know about bankruptcy law, I am not in the everyday trenches as Maite was. She is able to answer questions of the students and offer practical solutions to issues presented in their respective cases. She is also instrumental in helping the students identify ethical issues and help them to work through them.

She also volunteers at Put Something Back, which is most helpful for the Clinic in that Maite screens cases before they are sent to the Clinic and then assists Professor Redmond and I with the cases' placement with mentors and students.

Despite Maite's inability to work in the legal field to support her family, Maite has continued to volunteer to assist the Clinic and Put Something Back again this year. She always has a positive attitude and willing to help in any way.

Sincerely,

*Allison R Day*

Allison R. Day    (heb)

ARD/heb