

**ORDERED in the Southern District of Florida on January 30, 2020.**

**John K. Olson, Judge
United States Bankruptcy Court**

_____

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division
www.flsb.uscourts.gov**

In re:

Aldo A. Pina,

        Debtor

_____/

Case No. 18-15928-JKO

Chapter 7

**ORDER ON MOTION TO MODIFY SUSPENSION
(Related to ECF Nos. 73, 123)**

Before the Court, is the Motion of Maite Diaz to Modify Suspension [ECF No. 123]. The Motion was heard on January 28, 2020 at 1:30 p.m. Ms. Diaz and the Office of the United States Trustee appeared. The Court has reviewed the Motion and the presentations in open Court from both Ms. Diaz, the Eleanor R. Cristol and Judge A. Jay Cristol Bankruptcy Pro Bono Assistance Clinic, Jerry Markowitz and United States Trustee.

The Motion is premised on Federal Rule of Civil Procedure 60(b)(6) and Federal Rule of Bankruptcy Procedure 8008(a). That rule conforms bankruptcy practice to that of Rule 62.1 of the

Federal Rules of Civil Procedure and Rule 12.1 of the Federal Rules of Appellate Procedure. As relevant, Rule 8008(a) states:

> If a party files a timely motion in the bankruptcy court for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the bankruptcy court may:
> 
> (1) defer considering the motion;
> (2) deny the motion; or
> (3) state that the court would grant the motion if the court where the appeal is pending remands for that purpose, or state that the motion raised a substantial issue.

The rule "provides a procedure for the issuance of an indicative ruling when a bankruptcy court determines that, because of a pending appeal, the court lacks jurisdiction to grant a request for relief that the court" wishes to grant.[1] Rule 8008 applies "when a post judgment motion – such as a motion for relief from judgment under Civil Rule 60(b) made more than 14 days after entry of the judgment which does not suspend the time for filing a notice of appeal is made in the bankruptcy court at a time when a pending appeal has deprived the bankruptcy court of jurisdiction to decide the motion."[2] In the event the bankruptcy court makes an indicative ruling, the district court "may remand for further proceedings, but it retains jurisdiction unless it expressly dismisses the appeal."[3]

For the reasons stated on the record at the hearing on the Motion, the Court would grant the Motion if the District Court were to remand for such purpose. Specifically, upon remand the Court would find that the suspension in this Court has satisfied its punitive and deterrence functions; and therefore, would modify the suspension order to reduce the suspension term in the

---

[1] Fed. R. Bankr. P. 8008 Advisory Committee Note to 2014 Amendment.
[2] 10 Collier on Bankruptcy P 8008.01 (16th 2019).
[3] Fed. R. Bankr. P. 8008(c).

this Court from 2 years to 6 months, which would end the suspension in this Court on February 1, 2020.[4]

The Court is further advised by Ms. Diaz that if the District Court remands for this purpose, Ms. Diaz would voluntarily dismiss her pending appeal.

# # #

Submitted by and Copy to:

Patricia A. Redmond, Florida Bar No. 303739
predmond@stearnsweaver.com
**STEARNS WEAVER MILLER WEISSLER**
 **ALHADEFF & SITTERSON, P.A.**
Museum Tower, Suite 2200
150 West Flagler Street
Miami, Florida 33130
Telephone:     (305) 789-3553

---

[4] The Court notes that its modification of the suspension in this Court would not immediately allow Ms. Diaz to resume practicing in this Court to the extent any issues with the United States District Court for the Southern District of Florida or with the Florida Bar remain.

3