UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 19-cv-62139-SINGHAL

MAITE DIAZ,

    Appellant,

v.

LESLIE S. OSBORNE et al.,

    Appellees.

_____/

## ORDER

**THIS CAUSE** comes before the Court on Appellant's "Renewed Motion to Relinquish Jurisdiction to Permit Lower Court to Rule on Motion to Modify Suspension, or to Dismiss" ("Renewed Motion to Relinquish Jurisdiction") (DE [31]).

Appellant appeals an order from the bankruptcy court suspending her from practicing law before the court for a period of two years. With the initial brief and the answer brief both filed, two days before the deadline to file her reply brief, Appellant filed a motion for extension of time *and* a motion to relinquish jurisdiction over the appeal for a period of thirty days to file a request with the bankruptcy court to modify the terms of her suspension ("Motion to Relinquish Jurisdiction") (DE [21]).

This Court ordered Appellees to respond and Appellee Nancy Gargula, United States Trustee for Region 21, represented that Appellees did not oppose a limited-purpose relinquishment for thirty days. *See* Resp. to Mot. to Relinquish Jurisdiction (DE [24], ¶ 6). Nevertheless, the Court declined to grant the Motion to Relinquish Jurisdiction, finding the Federal Rules of Bankruptcy Procedure provided Appellant with an adequate

avenue to seek redress in the bankruptcy court without disrupting this appeal. (DE [27]); *see also* Fed. R. Bankr. P. 8008(a).

Appellant subsequently filed a Rule 8008(a) motion with the bankruptcy court. The court heard Appellant's motion in open court and issued an order indicating that it would grant her motion and modify her suspension if this Court "were to remand for such purpose." (DE [30]). The bankruptcy court noted: "Specifically, upon remand the [c]ourt would find that the suspension in this [c]ourt has satisfied its punitive and deterrence functions." (*Id.*). Consequently, Appellant has now filed the Renewed Motion to Relinquish Jurisdiction (DE [31]) here, again asking this Court to relinquish jurisdiction and remand to the bankruptcy court.

Before ruling on the Renewed Motion to Relinquish Jurisdiction, the Court ordered Appellees to advise whether they opposed remand. (DE [32]). It was unclear from the bankruptcy court's order whether Appellees had a full and fair opportunity to partake in the hearing. Appellees responded to this Court's order and represented they take no position and defer to the Court. (DE [33]).

The Court must note that twice Appellees have acted with a remarkably high level of professionalism and comity. In the first instance, they agreed to Appellant's request to relinquish jurisdiction, despite no indication from the bankruptcy court as to how it would rule on a motion to modify suspension. (DE [24]). Now, rather than opposing the Renewed Motion to Relinquish Jurisdiction (which they have every right to do), Appellees choose to take an amiable approach. The Court recognizes this civility and professionalism and is appreciative.

Based on the bankruptcy court's finding, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Renewed Motion to Relinquish Jurisdiction (DE [31]) is **GRANTED** to the extent that this case is **REMANDED** to the United States Bankruptcy Court for the Southern District of Florida.

2. This case is **DISMISSED WITH PREJUDICE**. The Clerk of Court is directed to **CLOSE** this case. Any pending motions are denied as moot.

3. Any appeal to this Court from future proceedings before the bankruptcy court shall proceed as a new case matter.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 5th day of February 2020.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies to counsel via CM/ECF